Clerk's Copy
FILED
AT ALBUQUERQUE NM
SEP 2 9 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.    No. CIV-99-0313 SC/LFG
CR-95-323 SC

TIMOTHY FOSTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Second Application or Motion For Writ of Habeas Corpus ("motion") (CIV Doc. #5; CR Doc. #48) filed August 23, 1999. The motion is Defendant's third attempt to obtain credit for certain presentencing custody. Defendant's first motion seeking jail credit (CR Doc. #44) was filed November 17, 1997, and was denied on the factual ground that the time in question did not constitute federal custody. His second motion (CIV Doc. #1; CR Doc. #46) was denied under the doctrine of law of the case. The instant motion seeks reconsideration of the earlier orders on grounds that certain "intervening" appellate court rulings require that the credit be awarded. The motion will be denied.

The cases Defendant relies on do not require reconsideration. In the Tenth Circuit case, *Brown v. Perrill*, 28 F.3d 1073 (10th Cir. 1994), which was decided more than two years before Defendant was sentenced, a state prisoner was transferred to federal detention on a writ ad prosequendum and was held there for nineteen months. The court ruled that, because of the excessive length of time, the defendant's federal detention was "transmut[ed] into custody," *id.* at 1075, and would be credited against the his federal sentence. Here, Defendant remained in state



custody, though a federal detainer was lodged against him. The other case, *United States v. Dorsey*, 166 F.3d 558 (3d Cir. 1999), which arose from a defendant's federal and state convictions for the same conduct, decided a question of credit against the federal sentence for concurrent state custody. The *Dorsey* ruling was based on sentencing guidelines that do not apply in this instance. *Id.* at 562. Applicable law has not changed since Defendant was sentenced.

IT IS THEREFORE ORDERED that Defendant's Second Application or Motion For Writ of Habeas Corpus (CIV Doc. #5; CR Doc. #48) filed August 23, 1999, is DENIED.

_____
UNITED STATES DISTRICT JUDGE